By the Court, Bronson, J.
Under the ruling of the judge the jury may have found a verdict for the defendant, although they believed that the plaintiffs had a good title to the oxen as *195 against Lattin. If they believed that fact, the defendant had no right to take the property from the plaintiffs by virtue of the attachment against Lattin, without showing that the sale to the plaintiffs was void as against creditors. The sale could not be impeached by a creditor at large. It must be a creditor having a judgment and execution, or some other process which authorized a seizure of the goods. As a general rule, process regular upon its face is sufficient for the protection of the officer, although it may have been issued without authority.(a) But when the officer attempts to overthrow a sale by the debtor on the ground of fraud, he must go back of his process, and show authority for issuing it. If he act under an execution, he must show a judgment; and if he seizes under an attachment, he must show the attachment regularly, issued. If Lattin had sued, it would be enough for the defendant to produce the attachment ; but it is otherwise as against the plaintiffs who are strangers to the attachment, and claim under an older, and therefore better title, unless it can be impeached for fraud.
New trial granted.(b)

 As to this rule and some of its qualifications, see Cowen & Hill’s Notes to Phill. Ev. pp. 990, 1005, et seq. and 1078; Horton v. Hendershot, (1 Hill, 118, 120, note (b);) Jermaine v. Waggener, (id. 279, 285.)

 See Damon v. Bryant, (2 Pick. 411;) Parker v. Walrod, (16 Wend. 514;) Jansen v. Acker, (23 id. 480;) see also Cowen & Hill’s Notes to Phill. Ev. 1011, 1082, 3; 1 Phill. Ev. 390, 1, 7th Lond. ed.